# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

**RANDOLPH WAYNE PARKER, JR.** )
)
    **Plaintiff,** )
)
**v.** )    **Case No. 7:12-cv-03503-RDP-RRA**
)
**KIM THOMAS, et al.,** )
)
    **Defendants.** )

## MEMORANDUM OF OPINION AND ORDER

The Magistrate Judge filed a Report and Recommendation on February 6, 2013, recommending that all claims in this action, except the excessive force claim against Defendants White, Butler, and Fulgham, be dismissed without prejudice for failing to state a claim upon which relief can be granted. It was further recommended that the remaining excessive force claim against Defendants White, Butler, and Fulgham be referred to the Magistrate Judge for further proceedings.

Plaintiff has submitted Objections to the Report and Recommendation. (Doc.'s #9-12). He asserts that the Magistrate Judge erred in dismissing the medical claim against Lieutenant Butler ("Butler"), whom he contends ignored his request for medical attention during the lunchtime meal on September 15, 2012. (Doc.'s #9-10). However, as the Magistrate Judge pointed out, there is nothing in the complaint (or Plaintiff's Objections) which shows that Plaintiff was prevented by Butler from approaching medical personnel about his problem. In fact, Plaintiff states in the complaint that he turned in another sick call request and

received medical attention on September 27, 2012. Additionally, Plaintiff states in his objections that he was seen by medical personnel again on October 10, 2012. Although the facts alleged in the Complaint show that Butler may have on that one occasion ignored Plaintiff's comments about his need to see a doctor, there are no allegations which show that Butler actually interfered with or prevented Plaintiff from obtaining medical treatment on his own.

"[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LeMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *quoting Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982). In other words, Plaintiff must prove that Defendant's acts or omissions were the *proximate cause* of any injuries. *LaMarca*, at 1538-39. Therefore, in reviewing a § 1983 claim against government officials, this court must focus its inquiry "on whether an official's acts or omissions were the cause – not merely a contributing factor – of the constitutionally infirm condition." *Id*. In this instance, to the extent Plaintiff was denied adequate medical care for his back injury, there are no facts pled which *plausibly* show that Lieutenant Butler's actions on September 15, 2012, were a proximate cause of the alleged denial of care.[1]

---

[1] Plaintiff's Complaint must be viewed in light of Defendants' qualified immunity and the plausibility requirements set forth by the Supreme Court in *Twombly* and *Iqbal*. Although courts are required to construe *pro se* complaints liberally, the complaint must nevertheless allege facts from which the inference of a constitutional violation is "plausible," not merely speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "[T]he complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*). To speculate about the possibility of a claim not only fails to comport with Rule 8(a) pleading standards, but also would

Plaintiff further objects to the Magistrate Judge's finding that the Complaint fails to state a claim of retaliation against Butler in connection with disciplinary charges asserted after the September 10, 2012, incident. (Doc. #11). In his objections, Plaintiff points to several alleged violations of Department of Corrections' regulations as proof that he was not afforded adequate due process in connection with the disciplinary proceedings. However, the mere fact that an agency has violated its own regulations does not, by itself, raise a constitutional issue. *U.S. v. Caceres*, 440 U.S. 741, 751-52 (1979); *Magluta v. Samples*, 375 F.3d 1269, 1279 n. 7 (11th Cir. 2004). In any event, the Magistrate Judge correctly concluded that Plaintiff's allegations of retaliation are conclusory. Plaintiff's attempts to assert due process issues in his objections has no bearing on that finding. Additionally, where, as here, a prisoner alleges the retaliation was in the form of a disciplinary action, his claim is precluded if he was found guilty of an actual violation of prison rules. *Henderson v. Baird*, 29 F.3d 464 (8th Cir. 1994); *Crittendon v. Campbell*, 2007 WL 2853398, at *7 (M.D. Ala. Sept. 27, 2007).

Finally, Plaintiff objects to the Magistrate Judge's finding that the Complaint fails to state a claim for denial of access to the courts. (Doc. #12). Plaintiff contends that he suffered actual injury as a result of having been denied access to the prison law library for a period

---

prematurely vitiate Defendants' qualified immunity, an immunity that protects Defendants from the burden of even responding to Plaintiff's complaint.

of time in September 2012.[2] He alleges that he was unable to adequately prepare for a hearing on a motion for new trial in the Baldwin County Circuit Court. Plaintiff's contentions in that regard are frivolous. It is clear from Plaintiff's exhibit (Doc. #12, p. 9) that the hearing to which he refers did not occur until January 8, 2013, approximately four months after he was allegedly denied access to the prison library and three months after this action was filed. Any alleged connection between a temporary denial of library privileges in September 2012 and a denial of a state court motion in January 2013 is tenuous.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the Objections thereto, the court is of the opinion that the Magistrate Judge's Report is due to be and is hereby **ADOPTED** and the Recommendation is **ACCEPTED**. It is therefore **ORDERED** that all of Plaintiff's claims in this action, except the excessive force claim against Defendants White, Butler, and Fulgham, are **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). The excessive force claim against Defendants White, Butler, and Fulgham is **REFERRED** to the Magistrate Judge for further proceedings.

The Clerk is **DIRECTED** to serve a copy of this order upon Plaintiff.

---

[2] Plaintiff alleges the denial of library access occurred from September 6, 2012, to September 30, 2012. (Doc. #1, p. 7, ¶ 16).

**DONE** and **ORDERED** this ____18th____ day of March, 2013.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE